UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLEN M. ABRAM,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF RENO, et. al.,<br><br>        Defendants. | 3:15-cv-00029-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed In Forma Pauperis (IFP) (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).

## I. APPLICATION TO PROCEED IFP

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] Refers to court's docket number.

1  LSR 1-1.

2  "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some
3  particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)
4  (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be
5  absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*
6  *Co.*, 335 U.S. 331, 339 (1948).

7  Plaintiff's application to proceed IFP is captioned for the Second Judicial District Court
8  (Doc. # 1 at 1), and he utilizes what appears to be a form affidavit for filing such an application
9  in that court (*id.* at 2-3), instead of utilizing the federal court's forms for applying to proceed IFP.
10  Nevertheless, it appears from his application, which is made under penalty of perjury, that
11  Plaintiff qualifies to proceed IFP. As such, the court recommends that his application be granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the

plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City of Reno/Reno Police, Walmart, the Reno City Attorney, the Nevada District Attorney and "self-appointed attorney" Roberto Puentes. (Doc. # 1-1 at 2-3.)

Plaintiff alleges that in June 2008 he was falsely arrested and terminated by Walmart in Reno, Nevada. (*Id*. at 3.) He filed an employment complaint. (*Id*.) He contends that on December 24, 2009, he was assaulted by his former co-workers and detained for an alleged theft, although he had the receipt on him. (*Id*.) He claims that Walmart brought false battery charges against him. (*Id*.) He then asserts that even though the officer knew the charges were false, he was arrested by the Reno Police Department officer for three counts of felony battery. (*Id*.) He was taken into custody by the Washoe County Sheriff. (*Id*.) He entered a plea of not guilty to the

- 3 -

1  charges, and avers that the City Attorney offered him a plea deal for disrupting the peace, which
2  he declined. (*Id*.) He alleges that the City Attorney then moved to amend the charges to a
3  misdemeanor even though they knew that no battery occurred. (*Id*.) Plaintiff further claims that
4  he was denied a jury of his peers, and was wrongfully Convicted of three counts of battery and
5  fined $750. He asserts that he appealed the conviction, but was unable to attend the hearing and
6  his conviction was affirmed. (*Id*.) He filed a petition (for writ of habeas corpus, case 3:14-cv-
7  00224-RCJ-VPC) with the United States District Court, but it was dismissed as untimely. (*Id*.)
8  He now asserts that he is seeking relief from this court "for this form of slavery [he] ha[s] been
9  subjected to." (*Id*.)

10  He asserts generally that he was illegally detained, falsely imprisoned, and subject to
11  malicious prosecution. (Doc. # 1-1 at 1.)

12  In Count I, Plaintiff asserts that the City of Reno violated his rights under the Thirteenth,
13  Fourth, Fifth, Sixth, Seventh and Ninth Amendments when it wrongfully convicted him, denied
14  him a jury trial, wrongfully withheld exculpatory evidence, knowingly accepted a false police
15  report from the Reno Police. (*Id*. at 4.) He claims that he was denied his right to cross-examine
16  the officer who refused to appear at trial. (*Id*.)

17  In Count II, he alleges that his Fourth Amendment rights were violated when he was
18  searched and seized following an illegal detainment stop by Walmart Loss Prevention and its
19  store manager, and was subject to a subsequent false arrest by Reno Police. (*Id*. at 5.)

20  In Count III, Plaintiff avers that City Attorney Pam Roberts strategically denied his jury
21  trial by amending felony charges to misdemeanor charges on the basis of statements that came
22  from a false police report. (*Id*. at 6.) He further claims that he was found guilty at a bench trial
23  based on inconsistent testimony, and that he was "misrepresented" by his trial attorney. (*Id*.) He
24  asserts that Roberts should have dismissed the charges when the arresting officer refused to
25  appear at trial. (*Id*.)

26  Plaintiff requests the following relief: dismissal of the initial charges brought against him;
27  lost wages, employment, pain and suffering and punitive damages for defamation, slander and
28  false imprisonment, as well as moving and travel expenses, future wages, and to have his record

1  cleared. (*Id*. at 9.)

2  **C. Analysis**

3  To the extent that Plaintiff states any colorable claim for violation of his rights under the Fourth Amendment related to the alleged false imprisonment at Walmart and subsequent false arrest by the Reno Police on December 24, 2009, these claims should be dismissed with prejudice as they are barred by the applicable statute of limitations.

Section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore section 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil*, 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id*. at 574.

"Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (citations and quotation marks omitted). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*— when , for example, he is bound over by a magistrate or arraigned on charges." *Id*. (citation omitted). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id*. (citations omitted). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention

- 5 -

1  itself." *Id*. (internal citations and quotation marks omitted).

2  Insofar as he alleges a claim for false imprisonment, the statute of limitations began to
3  run when he was held pursuant to legal process. This date is not clear from the complaint, but the
4  court can take judicial notice of the date of his conviction from his petition for writ of habeas
5  corpus as March 24, 2010. (3:14-cv-00224, Doc. # 1-1 at 1.) Plaintiff would have been held
6  pursuant to legal process before his conviction; therefore, his claim for false imprisonment is
7  barred by the two-year statute of limitations since he did not bring this action until January 1,
8  2015. Pursuant to the authority cited above, his claim of false arrest is similarly barred.

9  To the extent he is asserting a malicious prosecution claim under section 1983, in
10 *Wallace*, the Supreme Court noted that it had not decided, and declined to decide, whether a
11 malicious prosecution claim is cognizable under section 1983. *Wallace*, 549 U.S. at 390, n. 2; *see*
12 *also Albright v. Oliver*, 510 U.S. 266, 275 (1994) (Supreme Court did not take a position on
13 whether a claim for malicious prosecution can be brought under the Fourth Amendment via
14 section 1983). The Ninth Circuit has not expressly weighed in on the issue, but implicitly
15 recognized such a claim in *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068-69 (9th Cir. 2004)
16 (citations omitted). There, the court stated that to prevail on this claim, the plaintiff "'must show
17 that the defendants prosecuted [him] with malice and without probable cause, and that they did
18 so for the purpose of denying [him] equal protection of another specific constitutional right.'" *Id*.
19 Most federal appellate courts have also recognized a malicious prosecution claim under section
20 1983. *See, e.g., Pitt v. District of Columbia*, 491 F.3d 494 (D.C. Cir. 2007); *Britton v. Maloney*,
21 196 F.3d 24, 30 (1st Cir. 1999); *Swartz v. Insogna*, 704 F.3d 105 (2d Cir. 2013); *Johnson v.*
22 *Knorr*, 477 F.3d 75 (3d Cir. 2007); *Evans v. Chalmers*, 703 F.3d 636, 646 n. 2 (4th Cir. 2012),
23 *cert denied*, 134 S.Ct. 98 (Oct. 7, 2013) and 134 S.Ct. 617 (Nov. 12, 2013); *Sykes v. Andeson*,
24 625 F.3d 294, 308-09 (6th Cir. 2010); *Novitsky v. Aurora*, 491 F.3d 1244 (10th Cir. 2007); *Wood*
25 *v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). It is not settled when such a claim accrues, but
26 Justice Ginsburg discussed this topic in her concurring opinion in *Albright*, and concluded that
27 this claim accrues when the criminal charges are dismissed. *Albright*, 510 U.S. at 280. Plaintiff
28 has not alleged that his criminal charges have been dismissed so that any malicious prosecution

claim has accrued.

Moreover, under Nevada law a malicious prosecution claims requires a termination of the prior action in favor of the plaintiff. *See LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002); *Lester v. Buchanen*, 929 P.2d 910, 912 (Nev. 1996). Plaintiff has not alleged that the criminal proceedings terminated in his favor.

Insofar as he takes issue with the action taken by the prosecuting attorney in connection with the charges brought against him and his trial, both federal and Nevada law provide that the prosecutor has absolute immunity with respect to initiating a prosecution and presenting the State's case. *See Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Nevada V. Dist. Ct.*, 55 P.3d 420, 424, n. 17 (Nev. 2002) (citation omitted). Therefore, the malicious prosecution claims should be dismissed with prejudice as to the prosecutorial defendants whom Plaintiff alleges prosecuted him knowing false testimony was given, withheld exculpatory evidence, and denied Plaintiff a jury trial by amending the charges against him (*see* Doc. # 1-1 at 2, 3, 4, 6), because this alleged conduct comes within the realm of initiating and presenting the State's case.

Plaintiff also alleges facts that sound in a claim for ineffective assistance of counsel related to his appointed attorney in his criminal case. A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of section 1983. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk County v. Dodson*, 454, U.S. 312 (1981)).[2] Such a claim is properly brought in a petition for writ of habeas corpus, following exhaustion of applicable state remedies. *See* 28 U.S.C. § 2254. Plaintiff did so, and his petition was dismissed as untimely. He may not seek the same relief by another name in this action.

In sum, the court finds that Plaintiff's Complaint should be dismissed. Because amendment would be futile, the dismissal should be with prejudice, save for the malicious prosecution claims which Plaintiff may renew should his post-conviction efforts (to the extent they are not already exhausted) terminate in his favor.

---

[2] There is an exception for a public defender's "administrative and possibly investigative functions"; however, the court interprets Plaintiff's sparse allegations as asserting that received ineffective assistance from his appointed counsel while they were performing their traditional adversarial role. Therefore, this exception does not apply here.

- 7 -

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's application to proceed IFP (Doc. # 1) and directing the **Clerk** to **FILE** the Complaint (Doc. # 1-1); and

(2) **DISMISSING** the Complaint (Doc. # 1-1). The dismissal should be **WITH PREJUDICE** except as to the malicious prosecution claims which Plaintiff may renew in another action should his post-conviction efforts (to the extent not already exhausted) terminate in his favor. The dismissal as to the prosecutorial defendants on the malicious prosecution claims, however, should be with prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 5, 2015.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE