UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GLEN M. ABRAM,<br><br>        Plaintiff,<br>  v.<br><br>CITY OF RENO, et al.,<br><br>        Defendants. | Case No. 3:15-cv-00029-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I. SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 3) ("R&R") relating to Plaintiff's Application to Proceed In Forma Pauperis (dkt. no. 1) and complaint (dkt. no. 1-1). The Court has reviewed Plaintiff's objection (dkt. no. 4). For the reasons discussed below, the Court accepts and adopts the R&R.

**II. BACKGROUND**

Glen Abram ("Abram") alleges that a series of events stemming from a June 2008 shoplifting arrest and subsequent prosecution violated his constitutional rights. He filed a complaint pursuant to 42 U.S.C. § 1983 asserting violations of the Fourth, Fifth, Sixth Seventh, Ninth, and Thirteenth Amendments.

The Magistrate Judge granted Abram's application to proceed *in forma pauperis* and evaluated Abram's complaint, as required for any party proceeding *in forma pauperis* under 28 U.S.C. § 1915. The R&R recommends that Abram's complaint be

dismissed with prejudice on all but part of Abram's malicious prosecution claim, which should be dismissed without prejudice.

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light Abram's' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). Under this standard, the Court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party [however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## IV.   DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to dismiss Abram's complaint with prejudice in part and without prejudice in part. Abram objects to the 14-day period for responding to the R&R, the finding that his ineffective assistance of counsel claim was improper, the finding that the statute of limitations has run for his false imprisonment claim, and the finding that he could not state a claim for malicious prosecution. The Court addresses each objection in turn.

### A.   14-Day Response Period

Though he complied with it, Abram objects to the 14-day period for responding to the R&R. While Plaintiff is proceeding *pro se*, he nevertheless must comply with the applicable procedural rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

Abram also asks the Court to appoint counsel on his behalf. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court is able to request an attorney for a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). The Court requests counsel in

exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to determine whether exceptional circumstances exist, the Court must consider "'the likelihood of success on the merits'" as well as the ability of the plaintiff to articulate his arguments "'in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). Neither of these considerations is dispositive and the Court must examine them together. *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Other factors recognized by Circuit Courts that may be considered include "the litigant's ability to investigate the facts of the case, the likelihood of conflicting testimony requiring skilled cross-examination, the litigant's ability to adequately present the case, and the complexity of the legal and factual issues involved." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 800 n.8 (9th Cir. 1986) (citing *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir.1983); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)).

The Court finds, for the reasons discussed below, that Abram's claims are procedurally barred, and the appointment of counsel would do nothing to help the likelihood of Abram's success on the merits of his case. Consequently his request for counsel is denied.

### B.   Ineffective Assistance of Counsel

Abram simply claims that he was "misrepresented by my trial attorney" and that his "[r]ight to competent legal representation" was violated. (Dkt. no 1-1 at 3, 6.) He lists Roberto Puentes, presumably his appointed counsel, as a defendant. The R&R understood Abram's pleading as an ineffective assistance of counsel claim, and recommends that the Court find the claim to be improper under § 1983. The Court agrees.

A public defender is typically not a state actor for the purposes of § 1983. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk County v. Dodson*, 454, U.S. 312 (1981)). Abram previously attempted to bring such a claim through a petition for

///

4

habeas corpus, but his petition was dismissed. (Dkt. no. 3 at 7.) The R&R correctly found that Abram could not seek the same relief by another name in this case.

### C. False Imprisonment & False Arrest Claims

In evaluating Abram's false imprisonment and false arrest claims, the Magistrate Judge took judicial notice that the date of Abram's arrest was March 24, 2010. (Dkt. no. 3 at 6.) The R&R also correctly noted that § 1983 claims rely on the statute of limitations for personal injury claims in the forum state, and further noted that Nevada has a two year statute of limitations for such claims. (*Id.* at 5.) Hence, the Magistrate Judge correctly determined that Abram's false imprisonment and false arrest claims were barred by the two year statute of limitations.

Abram objects because he claims that he currently has an outstanding arrest warrant in Washoe County related to this matter. Because of this, he argues, the clock for the statute of limitations has not started yet. (Dkt. no. 4 at 2.)

The existence of an arrest warrant is not an arrest for purposes of the Nevada tort of false arrest. A plaintiff needs to actually be "restrained" or "confined." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (quoting *Marschall v. City of Carson*, 464 P.2d 494 (Nev. 1970) and the Restatement (Second) of Torts (1965)). Similarly, a seizure under the Fourth Amendment typically requires the restriction of movement. *See United States v. Smith, 633 F.3d 889*, 892-93 (9th Cir. 2011). Therefore, the existence of an arrest warrant does not cure the deficiencies in Abram's Fourth Amendment and false imprisonment claims.

### D. Malicious Prosecution

The R&R recommends dismissal of Abram's malicious prosecution claim because he failed to allege that the criminal proceedings against him had been terminated in his favor. (Dkt. no. 3 at 7.) The R&R further clarified that any malicious prosecution claim brought against the prosecuting attorney in connection with Abram's trial would be dismissed with prejudice, because the prosecuting attorney was protected by absolute immunity. (*Id.*)

5

Abram objects to the dismissal with prejudice of his malicious prosecution claim against the prosecutorial defendants. He argues the prosecutors acted outside the scope of their judicial function when they "prosecuted [Abram] knowing false testimony was given, withheld exculpatory evidence," and denied him a jury trial by charging him with a misdemeanor rather than a felony. (Dkt. no. 4 at 2.)

In *Van de Kamp v. Goldstein*, the Supreme Court discussed both the history and the contours of prosecutorial immunity. 555 U.S. 335 (2009). As the Court noted, prosecutors have long been immune from liability based on their decision to initiate a prosecution. *Id.* at 341. Prosecutors may not have immunity when they are acting in administrative or investigative, rather than prosecutorial tasks. *Id.* at 342-43. The behavior that Abram alleges, however, falls within the prosecutorial role and is clearly covered by prosecutorial immunity. The R&R is correct in recommending dismissal of the malicious prosecution claim against any prosecutorial defendants with prejudice.

## V.     CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 3) be accepted and adopted in whole. Abram's Application to Proceed In Forma Pauperis (dkt no. 1) is granted. The Clerk is directed to file Abram's complaint (dkt. 1-1). The complaint is dismissed. Plaintiff's malicious prosecution claim against non-prosecutorial defendants is dismissed without prejudice. All other claims are dismissed with prejudice. The Clerk is directed to close this case.

DATED THIS 6th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE